FILED
SUPERIOR COURT
OF GUAM

2018 JUN -6 AM 8: 12

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0600-17 |
|---|---|
| Plaintiff, | |
| vs. | **DECISION AND ORDER** |
| FRANK EDWARD PANGELINAN, | |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on March 13, 2018, for hearing on the People of Guam's ("the Government") Motion for Reconsideration. Defendant Frank Edward Pangelinan was present *pro se*, along with Attorney William B. Pole, who was present on behalf of Defendant as second chair. Assistant Attorney General Thomas R. Neuman was present on behalf of the Government. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On October 30, 2017, Defendant was indicted with the charge of Promotion of Major Prison Contraband (Communication Device) (As a Second Degree Felony). (Indictment, Oct. 30, 2017).[1] On January 31, 2018, the Court granted Defendant's Motion to Dismiss pursuant to 9 G.C.A. § 7.67. *See* Dec. & Order, Feb. 12, 2018.

---

[1] The Indictment also charges Corina Lynn Blas Tedtaotao with (1) Conspiracy to Promote Major Prison Contraband (As a Second Degree Felony) and (2) Possession of a Schedule II Controlled Substance (As a Third Degree Felony); Quiana Liberty Iglesias Manibusan with Conspiracy to Promote Major Prison Contraband (As a Second Degree Felony); Raymond Torres Tedtaotao with (1) Promotion of Major Prison Contraband (Controlled Substance) (As a Second Degree Felony) and (2) Possession of a Schedule II Controlled Substance (As a Third

On February 19, 2018, the Government filed a Motion for Reconsideration, and on March 2, 2018, Defendant filed his Opposition. No Reply was filed.

On March 13, 2018, the Court heard brief oral arguments on the matter and subsequently placed it under advisement.

## DISCUSSION

Pursuant to the Criminal Rule 1.1(d) of the Local Rules of the Superior Court of Guam, a party may file a motion for reconsideration of a decision if:

(1) a material difference in fact or law from that presented to the court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,

(2) the emergence of new material facts or a change of law occurring after the time of such decision, or,

(3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Super. Ct. Guam CR 1.1(d).

The Government does not specifically indicate which subsection of CR1.1 it is moving the Court for reconsideration, but gives additional facts to the Court and argues that the legislative history of the prison contraband statute presents different policy considerations in support of its motion. *See generally*, Mot., Feb. 19, 2018. Defendant opposes, arguing that the Government has not presented any arguments in its Motion for Reconsideration that could not have been brought in the initial opposition to his Motion to Dismiss, and that the Court does not have jurisdiction to entertain a motion for reconsideration after a case has been dismissed. *See generally*, Opp'n, Mar. 2, 2018.

Degree Felony); and Paul Lynnwood Johnson with (1) Conspiracy to Promote Major Prison Contraband (As a Second Degree Felony) with an attached Special Allegation: Felony Committed While on Pre-Trial Felony Release. (Indictment, Oct. 30, 2017). Co-defendant Manibusan entered into a Plea Agreement with the Government on January 10, 2018. Co-defendant Corina Tedtaotao entered into a Plea Agreement with the Government on May 29, 2018.

*People v. Pangelinan*
Case No. CF0600-17
Decision and Order

The Government first presents facts for the Court's consideration based on its concerns in the initial Decision and Order. According to the Government, while the

> origin of the phone found in Pangelinan's possession in September is unclear, the statements made by others after the discovery of the package at GMH suggested that Pangelinan was among the intended recipients of the phones contained therein, although that package never actually made it into the Department of Corrections. This further suggests the logical inference that the found which was found in Pangelinan's possession less than a month previous was the fruit of a continuous, on-going conspiracy to smuggle all kinds of contraband into DOC.

(Mot. at 3). The Government acknowledges that "these facts were not presented in connection with the original litigation of the motion." *Id.* at 4. The Government also argues that the legislative history indicates that the administrative process at the Department of Corrections is inadequate to sufficiently deter possession of contraband cell phone activity. *Id.* The opposition to the original motion did not discuss the statute's legislative history. *See generally,* Opp'n, Dec. 22, 2017.

Here, while the Government does not repeat any arguments made in opposition to the original motion to dismiss, it presents facts or law that could have been presented during the litigation of the original motion, and not an emergence of new material facts or a change of law occurring after the decision on the motion. Motions for reconsideration serve a limited function pursuant to Criminal Rule 1.1(d), and are not meant to give a party a second opportunity at a motion.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES the Government's Motion for Reconsideration.

**IT IS SO ORDERED** this 5th day of June, 2018.

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:
Atty's, W. Pole

Date: 6/6/18  Time: 8:30am
Antonio A Cruz
Deputy Clerk, Superior Court of Guam

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Pangelinan*
Case No. CF0600-17
Decision and Order